UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

LEIGH STERLING-GOODEN and　)
SCOT BRAUN,　　　　　　　　　)
　　　　　　　　　　　　　　　)
　　　　　　Plaintiffs,　　　　)
　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　)　　No.:　3:26-CV-10-TAV-JEM
　　　　　　　　　　　　　　　)
NINEPATCH, INC. f/k/a QS SYSTEMS,　)
INC. and LALO VALDEZ,　　　　)
　　　　　　　　　　　　　　　)
　　　　　　Defendants.　　　　)

**MEMORANDUM OPINION AND ORDER**

This civil matter is before the Court on the parties' Joint Motion to Transfer Venue [Doc. 16], in which the parties request a change of venue to the United States District Court for the District of Colorado. After the parties filed the instant motion, the Court ordered the parties to file a brief addressing (1) the legal authority upon which their motion rested, given their motion cited to none; and (2) the impact the forum-selection clause, previously referenced by defendant NinePatch, Inc. ("NinePatch") [*see* Doc. 9], had on their joint motion [Doc. 18]. The parties subsequently filed such brief [Doc. 19].

In their brief, the parties incorporate the memorandum submitted by defendant NinePatch in support of its initial Motion to Transfer [*see* Doc. 10] and provide that transfer is appropriate under 28 U.S.C. § 1404(a) [Doc. 19, pp. 1, 3]. Furthermore, the parties submit that they stipulate that plaintiff Sterling-Gooden's "claims arise directly from her Employment Agreement, which provides that disputes 'concerning enforcement of this

Agreement or in any way relating to the subject matter of this Agreement' . . . be litigated exclusively in Colorado" [*Id.* at 3 (citing Doc. 1; Doc. 1-1)].

"Section 1404(a) permits a district court to transfer a case '[f]or the convenience of parties and witnesses, in the interest of justice, . . . to any other district or division where it might have been brought.'" *K-Tex, LLC v. Cintas Corp.*, 693 F. App'x 406, 409 (6th Cir. 2017) (quoting 28 U.S.C. § 1404(a)). Section 1404(a) applies for "cases brought in a court where venue is proper." *Id.* (citing *Martin v. Stokes*, 623 F.2d 469, 474 (6th Cir. 1980)); *cf. id.* (stating that 28 U.S.C. § 1406 applies for cases brought in an improper venue). Accordingly, the Court begins by determining whether this Court is a proper venue in this case.

The general venue statute[1] for federal district courts provides that:

> A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

---

[1]  Notably, the Fair Labor Standards Act ("FLSA"), under which plaintiffs bring some of their claims [*see* Doc. 1 ¶ 1], "does not contain a specific venue provision, as it permits plaintiffs to file suit 'in any Federal or State court of competent jurisdiction." *Corman v. Relax Saunas*, No. 3:24-CV-2191, 2025 WL 2371897, at *2 (N.D. Ohio Aug. 15, 2025). Thus, the general venue statute applies. *Id.*

28 U.S.C. § 1391(b)(1)–(3). Based on the information contained in the complaint, it appears that this judicial district is a proper venue under § 1391(b)(2). "A court considering whether venue is proper under § 1391(b)(2) ask[s] whether the district the plaintiff chose had a substantial connection to the claim, whether or not other forums had greater contacts." *Corman*, 2025 WL 2371897, at *2 (internal quotation marks omitted) (quoting *First of Mich. Corp. v. Bramlet*, 141 F.3d 260, 263 (6th Cir. 1998)).

Here, plaintiffs bring breach of contract and FLSA claims against defendants, all of which arise out of plaintiffs' employment with defendant NinePatch [*See* Doc. 1]. Specifically, plaintiffs seek to recover unpaid wages and overtime pay under the FLSA and to recover "unpaid wages, compensation, and other payments owed to [p]laintiffs by [d]efedants pursuant to oral and written contracts" [*Id.* ¶¶ 1–2]. Both plaintiffs, Sterling-Gooden and Braun, appear to have worked remotely for defendants in the Eastern District of Tennessee, Loudon County and Knox County respectively, during the time of the relevant events or omissions [*Id.* ¶¶ 4–5, 10, 20–21; *see* Doc. 10, p. 3 nn.2–3]; Doc. 19, p. 2 n.2]. And plaintiffs submit that during the relevant time period, "the two payroll processor[s] utilized by NinePatch . . . used [a] Lenoir City address as NinePatch's corporate/principal office" [Doc. 1 ¶ 20].

Given plaintiffs worked remotely in the Eastern District of Tennessee, and this is where they allegedly incurred unpaid wages, unpaid overtime, and similar compensation deficits, the Court finds that a substantial part of the events or omissions giving rise to plaintiffs' claims occurred in this judicial district. *See Corman*, 2025 WL 2371897, at *4

(concluding, in an FLSA action, that evidence of the plaintiff working over 40 hours a week without overtime payment in Toledo, Ohio, was "sufficient to establish that a substantial part of the events giving rise to her claim occurred in the Northern District of Ohio"); *see also Paine v. Intrepid U.S.A., Inc.*, No. 3:14-2005, 2015 WL 3743357, at *6 (M.D. Tenn. June 15, 2015) (finding, in an FLSA action, that the plaintiffs' claims were based upon events that occurred in the Middle District of Tennessee where the employment activity occurred and noting that the application of policies occurred in Tennessee); *In re Hotel TVPRA Litigation*, No. 2:22-CV-1924, 2023 WL 3075851, at *16 (S.D. Ohio Apr. 25, 2023) (citations omitted) (noting that the Sixth Circuit, in discussing contract disputes and § 1391(b)(2), "declined to limit its assessment to acts or omissions of the defendants and considers plaintiff's activities in the forum").

Next, the Court turns to whether this action might have been brought in the requested transferee forum. *See* 28 U.S.C. § 1404(a). Given the parties' joint motion [Doc. 16; *see* Doc. 19], it appears that they agree that this action could have been brought in the District of Colorado. And the Court, in consideration of § 1404(a) and § 1391(b), agrees [*See also* Doc. 8, p. 10; Doc. 10, pp. 6–8; Doc. 19, pp. 3–5]. *See also Power Distibs., LLC v. Snowdog LLC*, No. 2:25-CV-643, 2025 WL 3187130, at *2 (S.D. Ohio Nov. 14, 2025) (citing *Solari v. Goodyear Tire & Rubber Co.*, 654 F. App'x 763, 766 (6th Cir. 2016)) (stating that the requirement under § 1404(a) that the action could have been brought in the requested transferee forum will ordinarily "be satisfied when the defendant is amenable to process in the other jurisdiction").

Typically, the Court would now turn to weigh "both the convenience of the parties and various public-interest considerations." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 62 (2013). Factors relating to the convenience of the parties include "the accessibility to evidence; the availability of process to make reluctant witnesses testify; the costs of obtaining willing witnesses; [and] the practical problems of trying the case most expeditiously and inexpensively." *Panaro v. United Airlines, Inc.*, No. 4:23-CV-45, 2024 WL 4291495, at *2 (E.D. Tenn. Sept. 25, 2024) (quoting *Reese v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009)). And public-interest considerations include "(1) the court's interest in judicial economy; (2) docket congestion; (3) local interest in deciding the controversy at home, and (4) in diversity cases, the interest of conducting the trial in the forum of the governing law." *Olin-Marquez v. Arrow Senior Living Mgmt., LLC*, 586 F. Supp. 3d 759, 778 (S.D. Ohio 2022) (citation omitted).

However, as mentioned by defendant NinePatch in its initial memorandum [Doc. 10, pp. 6–13], this calculus changes "when the parties' contract contains a valid forum-selection clause, which 'represents the parties' agreement as to the most proper forum.'" *Atl. Marine Const. Co.*, 571 U.S. at 63 (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 31 (1988)). Specifically, the § 1404(a) analysis changes in three ways:

> First, the plaintiff's choice of forum merits no weight. The plaintiff instead bears the burden of showing why the court should not transfer the case to the selected forum. Second, a court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests. When parties are subject to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation. As such, the private-interest factors are

weighed entirely in favor of the preselected forum. The court may thus consider arguments about only the public-interest factors, although those factors rarely defeat a transfer motion[.] Third, the section 1404(a) transfer of venue based upon a forum-selection clause will not carry with it the original venue's choice-of-law rules[.]

*North v. McNamara*, 47 F. Supp. 3d 635, 647 (S.D. Ohio 2014) (internal quotation marks and citations omitted) (quoting *Atl. Marine Constr. Co.*, 571 U.S. at 62–65).

Given the instant motion is joint, the Court finds it need only consider the public-interest factors as cited above. *See Olin-Marquez*, 586 F. Supp. 3d at 778. In its initial memorandum [Doc. 10], defendant NinePatch submitted that transfer to the District of Colorado would promote judicial economy and consistency [*Id.* at 9]. Specifically, defendant NinePatch averred that litigating this matter in the "contractually chosen forum" would ensure the dispute between the parties is "resolved in a court with a recognized connection to the parties and agreement[]" while minimizing duplicative litigation and reducing the risk of inconsistent rulings [*Id.* at 9–10]. Defendant NinePatch additionally provided that plaintiff Braun's claims, "which are closely related to [plaintiff] Sterling-Gooden's claims[]" should likewise be transferred for judicial economy, noting that courts in the Sixth Circuit have recognized the efficiency in keeping related claims together in a single forum, even when only some of the parties are bound by a forum-selection clause [*Id.* at 12 (citations omitted)].

As to docket congestion, defendant NinePatch notes that cases pending before the United States District Court for the District of Colorado are disposed of at a faster rate than those pending before the United States District Court for the Eastern District of Tennessee

[*Id.* at 11 (citation omitted)].  Finally, defendant NinePatch asserts that Colorado has a strong local interest in the action given defendant NinePatch is headquartered and maintains its primary business in Colorado and the choice-of-law provision in plaintiff Sterling-Gooden's Employment Agreement provides that "her claims would be subject to the laws of the state of Colorado" [*Id.*].  The Court finds defendant NinePatch's arguments as to the public-interest factors to be persuasive and concludes that consideration of such factors indicates that this case lacks any extraordinary circumstances that would prevent enforcement of the forum selection clause.

Accordingly, the parties' joint motion [Doc. 16] is hereby **GRANTED**, and pursuant to 28 U.S.C. § 1404(a), the Clerk is **DIRECTED** to **TRANSFER** this action to the United States District Court for the District of Colorado for all further proceedings.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE